**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 21 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TESAGER HABTESELASSIE,

     Petitioner-Appellant,

v.

JUNITA NOVAK; ATTORNEY
GENERAL FOR THE STATE OF
COLORADO,

     Respondents-Appellees.

No. 99-1081

---

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 98-Z-2666)**

---

Submitted on the briefs:[*]

Tesager Habteselassie, Pro Se.

Ken Salazar, Attorney General of Colorado and Clemmie Parker Engle, Senior
Assistant Attorney General of Colorado, Denver, Colorado, for Respondents-
Appellees.

---

Before **BRORBY**, **EBEL**, and **LUCERO** Circuit Judges.

---

     * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause therefore is
ordered submitted without oral argument.

**EBEL**, Circuit Judge.

Petitioner-Appellant Tesager Habteselassie was convicted of first degree murder in the Arapahoe County, Colorado District Court in 1991, and was sentenced to life in prison without parole. On March 28, 1996, the Colorado Court of Appeals affirmed his conviction, and on October 15, 1996, the Colorado Supreme Court denied his Petition for Writ of Certiorari. Habteselassie also sought state post-conviction relief, filing a Rule 35(c) Motion for Post-Conviction Relief in Arapahoe County District Court on March 10, 1997. The district court denied the motion on February 4, 1998. Habteselassie then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Colorado on November 30, 1998. The district court denied Habteselassie's habeas petition on the ground that the petition was barred by the one-year period of limitation under 28 U.S.C. § 2244(d)(1). Habteselassie sought a certificate of appealability to this court, but that motion was denied by the district court. We granted a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1) to determine if Habteselassie is entitled to the benefit of the tolling

provision contained in 28 U.S.C. § 2244(d)(2) and if his habeas petition is thereby

rendered timely. For the following reasons, we reverse and remand.[1]

As relevant here, a one-year period of limitation applies to an application

for a federal writ of habeas corpus and begins to run from the latest of "the date

on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

> [T]he judgment is not final and the one-year limitation period for filing for
> federal post-conviction relief does not begin to run until after the United
> States Supreme Court has denied review, or, if no petition for certiorari is
> filed, after the time for filing a petition for certiorari with the Supreme
> Court has passed.

Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999). Because Habteselassie

did not file a petition for certiorari to the United States Supreme Court, the one-

year period of limitation started to run ninety days after October 15, 1996, the

date the Colorado Supreme Court denied his petition for certiorari and his state

---

[1]The Appellee filed a motion to supplement the record with copies of various documents on file with the Arapahoe County District Court pertaining to Habteselassie's case, including a copy of the Motion for Post-Conviction Relief Pursuant to Rule 35(c) filed on March 10, 1997. In view of the fact that Habteselassie does not object to the motion and that the Clerk for the Arapahoe County District Court certified the copies of these documents, we grant the motion to supplement the record.

Habteselassie filed a motion with this court on February 22, 2000, requesting that this court order the district court to proceed on his pro se petition for writ of habeas corpus. Because we are reversing the district court's dismissal of Habteselassie's habeas petition, we decline to rule on Habteselassie's motion because it is moot.

court review was thus completed. See Sup. Ct. R. 13 (indicating that a petition for a writ of certiorari is timely when it is filed within ninety days following the entry of judgment). Accordingly, absent any tolling of the limitations period, Habteselassie would only have had until January 13, 1998, to file a habeas corpus petition in federal court, and his petition of November 30, 1998, would have been untimely.

Section 2244(d)(2) allows a federal habeas petitioner to toll this period of limitations while he seeks state post-conviction relief, however. Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The district court held that the time during which Habteselassie's motion for state post-conviction relief was pending could not be tolled pursuant to § 2244(d)(2) because that motion was not "properly filed." The district court reasoned that the motion "was not properly filed because the state court determined that the claims should have been raised on direct appeal." Had the court found that Habteselassie's motion for post-conviction relief in the state court had been "properly filed," the period of limitations in Habteselassie's case would have been tolled for 331 days, the period that his motion was pending in state court, and Habteselassie would have had until December 10, 1998 to file a

- 4 -

timely federal habeas petition. Because Habteselassie filed his federal habeas petition ten days before this deadline, whether his petition was timely turns on the definition of "properly filed" under § 2244(d)(2) as applied to his state petition for post-conviction relief.

Congress did not define the attributes of a "properly filed application" under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), see Villegas v. Johnson, 184 F.3d 467, 470 (5th Cir. 1999), and the meaning of this phrase is a question of first impression in this circuit.[2] We believe that a

---

[2]This court has considered whether federal habeas petitioners' state post-conviction motions were properly filed for purposes of § 2244(d)(2) in a number of unpublished decisions. See Martin v. Gibson, No. 98-7184, 1999 WL 798088, at **1 (10th Cir. Oct. 7, 1999) (unpublished) (finding that a state post-conviction motion was not properly filed where it was "rejected by the state district court as procedurally barred and dismissed on appeal for non-compliance with rules governing appeals"); Thorpe v. Soares, No. 99-1013, 1999 WL 314636, at **2 (10th Cir. May 19, 1999) (unpublished) (finding that petitioner's state post-conviction motion was not properly filed because it was untimely for procedural default); Maloney v. Poppel, No. 98-6402, 1999 WL 157428, at **1 (10th Cir. March 23, 1999) (unpublished) (finding that state motion for post-conviction relief was not properly filed at the time petitioner delivered the motion to prison authorities because Oklahoma does not follow the "mailbox rule" of Houston v. Lack, 487 U.S. 266 (1988)).

Although this court also addressed the meaning of § 2244(d)(2) in Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998), that case did not consider the issue before us. Rather, Hoggro held that tolling for a properly filed state post-conviction motion should not continue during the additional time that the defendant appealed the denial of relief to the state appellate court when the appeal was not timely filed and hence was not a properly filed appeal. See id. at 1226 n.4; see also Rhine v. Boone, supra at 1155 (holding that a state post-conviction petition is "pending" only while it is under consideration in the state

(continued...)

"properly filed" application is one filed according to the filing requirements for a motion for state post-conviction relief. These requirements may include: (1) the place and time [3] of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been

---

[2](...continued)
courts and that the time to petition for certiorari to the United States Supreme Court is not tolled under § 2244(d)(2)); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999) ("We conclude the term ["pending"] must be construed . . . to encompass all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.").

[3]We recognize that issues pertaining to the timeliness of a prisoner's application for state post-conviction relief are not homogenous. In some instances, questions of timeliness under state law may require an inquiry into the merits of the petition, see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (finding that application for state post-conviction relief is not properly filed where state court concluded that prisoner's application was procedurally barred by the two-year statute of limitations attached to Fla. R. Crim. P. 3.850, which allows an application to be filed more than two years after the prisoner's conviction became final in some circumstances), while in other cases the question of timeliness can be determined purely by reference to the filing date, see Hoggro, 150 F.3d at 1226 n.4 (finding that federal habeas petitioner was not entitled to tolling for time while motion for state post-conviction relief was pending on appeal where state court of appeals dismissed the appeal as untimely because it was filed more than thirty days after the decision of the state district court). While Hoggro clearly requires federal habeas petitioners to comply with state filing requirements of the latter type in order for their federal petitions to be considered "properly filed," we believe the question of whether a motion for state post-conviction relief should be deemed not properly filed where a state court has assessed the merits of the motion for state post-conviction relief in concluding that it was untimely presents a more difficult question. We need not resolve this issue in the present case, however.

imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion. By contrast, affirmative defenses that preclude a court from granting relief on the merits, as opposed to pure filing requirements, require analysis in some manner of the substance of the claims set forth by the petitioner and do not prevent a motion from being "properly filed" for purposes of § 2244(d)(2). Substantive impediments to relief of this nature include prohibitions against the filing of successive or abusive petitions, the requirement that claims be brought on direct appeal if possible, and the judicial doctrine of res judicata.

The definition of "properly filed" adopted by this court is consistent with the view of the majority of circuit courts to have considered this question, although these courts have articulated the definition in varying ways. [4] See Bennett v. Artuz, 199 F.3d 116, 123 (2d Cir. 1999), cert. granted, 2000 WL 122154 (U.S. Apr. 17, 2000) (No. 99-1238) ("We . . . construe 'properly filed' to mean simply that an application for state post-conviction relief recognized as such

---

[4]Other circuit courts have also construed "properly filed," but the holdings of these cases do not bear directly on the issue before this court. Dictado v. Ducharme, 189 F.3d 889, 892 (9th Cir. 1999) (holding that a state post-conviction petition that was determined by the state court to be procedurally barred because it was untimely and successive did not toll the one-year period of limitation under AEDPA); Tinker v. Hanks, 172 F.3d 990, 991 (7th Cir. 1999) (finding that an application for leave to file a state post-conviction proceeding is not a "properly filed application" under § 2244(d)(2)).

under governing state procedures has been filed."); Villegas , 184 F.3d at 470 & n.2 ("[W]e hold that a 'properly filed application' for § 2244(d)(2) purposes is one that conforms with a state's applicable procedural filing requirements. . . . By procedural filing requirements, we mean those prerequisites that must be satisfied before a state court will allow a petition to be filed and accorded some level of judicial review."); Lovasz v. Vaughn , 134 F.3d 146, 148-49 (3d Cir. 1998) ("We believe that 'a properly filed application' is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. . . . [Federal] district courts should not inquire into its merits."); see also Patterson v. Director, Virginia Dep't of Corrections , 36 F. Supp. 2d 317, 320 (E.D. Va. 1999) ("[A] 'properly filed' petition is 'one submitted according to the state's procedural requirements, such as the rules governing time and place of filing,' and . . . this is so without regard to the merits of the petition." (quoting Lovasz , 134 F.3d at 147)); Souch v. Harkins , 21 F. Supp. 2d 1083, 1086-87 (D. Ariz. 1998) ("[T]he state petition may have constituted a 'properly filed application' for tolling purposes even if the superior court had dismissed it solely on the ground of procedural default. The majority of courts analyzing the meaning of 'properly filed application' have interpreted the phrase to encompass all applications submitted in compliance with basic state filing requirements, such as the rules governing the time and place of filing.").

We decline to follow the minority view that construes § 2244(d)(2) to mean that a state post-conviction petition is not properly filed if it is ultimately determined to be procedurally barred or otherwise is determined to be frivolous or without merit.   See Weekley v. Moore , 204 F.3d 1083, 1086 (11th Cir. 2000) (finding that state post-conviction motions dismissed by the state court as successive were not "properly filed").  Incorporating any such substantive requirement into § 2244(d)(2) would have unfortunate consequences.  State prisoners wishing to pursue federal habeas relief would be compelled to file their federal petitions within one year after their state conviction becomes final, even if their state post-conviction motions were still pending, in order to guarantee the timeliness of their petitions.  A state petitioner could not risk the possibility that a properly filed state post-conviction petition might later be thrown out because of the affirmative defense of procedural bar, thereby leaving the petitioner with no tolling protection during the pendency of that state petition.     [5]  Such a result

---

[5]Under such an interpretation of § 2244(d)(2), a state court's finding that the prisoner's motion for state post-conviction relief is procedurally barred would eliminate the prisoner's right to federal review on habeas if the state court dismissed the motion for state post-conviction relief on grounds of procedural bar more than one year after the prisoner's conviction became final.  Under these circumstances, the prisoner would never have the opportunity to have a federal court review the state's finding of procedural bar. Cf. Hughes v. Irvin , 967 F. Supp. 775, 779 (E.D.N.Y. 1997) ("The writ of habeas corpus would be emasculated if the factual determination of a state court could preclude a petitioner's access to federal court to challenge that very finding.").

undermines Congress' desire in enacting the AEDPA to encourage exhaustion of state remedies. See 28 U.S.C. § 2254(b)(1).

In defending a state conviction in a federal habeas action, states often argue that the petition is procedurally barred under state law and that, as a result, there is an adequate and independent state law basis for the conviction. Where such an argument is made to a federal district court before the state court has had the opportunity to resolve the question of procedural bar, the federal district court is placed in the awkward position of either: (1) holding the habeas petition in abeyance until the state court has adjudicated any issues related to procedural bar; (2) dismissing the petition without prejudice; or (3) deciding the issue of state procedural bar prior to the state court's determination of the question. By construing the phrase "properly filed" to apply only to filing requirements, as opposed to defenses that must be substantively considered, federal district courts are spared the need to decide among these unsatisfactory options. [6] This approach

_____

[6]The first option of holding the federal habeas petition in abeyance is undesirable because it keeps a parallel federal case open for an indefinite period of time and forces the defendant into a prophylactic, and perhaps unnecessary, duplicative filing. The second option of dismissing the federal habeas petition is inadvisable because it needlessly utilizes the time and attention of a federal court. Moreover, this option leaves a federal habeas petitioner vulnerable to a statute of limitations defense if the state court ultimately dismisses his state petition on grounds of procedural bar after the one-year period of limitation under AEDPA has run. The third option of requiring the federal district court to address the state's assertion of procedural default or other merits-based defenses before the

(continued...)

has the advantage of being much easier to administer, as it avoids many complex and often disputed issues at the statute of limitations stage of the inquiry. In addition, it does not denigrate the state's ultimate ability to rely on its own procedural rules to assert procedural bar, since that defense can always be considered fully when the federal district court addresses the merits of the federal habeas petition.

Turning to the question of whether Habteselassie's motion was "properly filed" for purposes of § 2244(d)(2), we hold that a state petition that is dismissed on the basis of procedural default does not render the petition not "properly filed," and we find that the district court therefore erred in dismissing Habteselassie's habeas petition as untimely. The fact that the Arapahoe County District Court denied Habteselassie's motion on the ground that the issues raised in the motion should have been raised on direct appeal does not render Habteselassie's motion improperly filed under § 2244(d)(2). Habteselassie's motion for post-conviction relief conformed with Colorado's basic procedural rules governing the filing of such a motion.[7] See Colo. R. Crim. P. 35(c)(2)

---

[6](...continued)
state has considered such arguments would violate AEDPA's principles of federalism and comity and may needlessly embroil the federal district court in complicated state law questions and factual questions that are better addressed in the first instance by state courts.

[7]Our conclusion that Habteselassie's motion met the basic procedural

(continued...)

- 11 -

(providing that "every person convicted of a crime is entitled as a matter of right to make application for post-conviction review"); Colo. R. Crim. P. 35(c)(3) (providing that the motion may be filed in the court which imposed the petitioner's sentence). We therefore conclude that Habteselassie's motion was "properly filed" under § 2244(d)(2), that the AEDPA period of limitation in Habteselassie's case was tolled during the pendency of his state motion for post-conviction relief, and that Habteselassie's § 2254 habeas petition was therefore timely.

As a final matter, the Appellee suggests that Habteselassie's "Motion for Post-Conviction Relief Pursuant to Rule 35(c)" does not qualify as an "application for State post-conviction or other collateral review" under § 2244(d)(2), regardless of whether it was "properly filed." The Appellee reasons that Habteselassie sought appointment of new counsel in the motion. However, the record reflects, and the Appellee concedes, that the state court treated Habteselassie's motion as a motion for post-conviction relief. For this reason, we

---

[7](...continued) requirements for the filing of such a motion is corroborated by the Appellee's brief which only asserts that the motion was improperly filed because the claims should have been raised on direct appeal. The respondent also suggests that the Arapahoe County District Court should have actually denied the motion on the ground that Habteselassie had raised the identical arguments on direct appeal and that a post-conviction motion cannot be used to relitigate matters resolved in an earlier appeal. As we have stated in the text of this opinion, this defense would not make Habteselassie's motion improperly filed under § 2244(d)(2).

find that his state motion was an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2).

We **REVERSE** the district court's order dismissing Habteselassie's petition as time-barred and **REMAND** this case to the district court for further proceedings.