**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 15 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FLOYD SMITH,

      Petitioner - Appellant,

v.

JAMES L. SAFFLE,

      Respondent - Appellee.

No. 00-6320
(D.C. No. CIV-00-858-A)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

      Floyd Smith, Jr., an Oklahoma state prisoner appearing pro se, seeks a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c) to challenge the district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus as time-barred under 28 U.S.C. § 2244(d). Applying recent Tenth Circuit law, we grant COA and reverse.

---

      [*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Smith was convicted in Oklahoma state court of first-degree rape after prior conviction of two felonies. See Okla. Stat. Ann. tit. 21, §§ 51, 1114 (West 1983). This conviction was affirmed on appeal on May 29, 1998 and became final on August 28, 1998 after the expiration of the ninety-day period for seeking certiorari review by the United States Supreme Court. See Habteselassie v. Novak, 209 F.3d 1208, 1209 (10th Cir. 2000) (citing Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999)). Smith initiated state post-conviction proceedings on June 16, 1999. The state district court denied Smith's state petition in an order filed on February 7, 2000. [1] On March 13, 2000, Smith filed an appeal of that decision with the Oklahoma Court of Criminal Appeals, which was dismissed on March 22, 2000 as untimely for failure to comply with Rule 5.2(C)(2) of the Rules of the Oklahoma Court of Criminal Appeals. Smith filed his federal habeas petition on May 2, 2000, when he deposited it with prison officials for mailing to the Clerk of the district court. See Houston v. Lack, 487 U.S. 266, 270 (1988) (holding that pro se prisoners' federal court pleadings are considered filed when given to prison officials for mailing).

---

[1] The record copy of the order denying state post-conviction relief is dated January 24, 2000, but is not file-stamped. Smith provided the district court with a copy of the state court's docket sheet showing that the order actually was filed on February 7, 2000.

As a general matter, prisoners have one year from the date on which their convictions become final to petition for federal habeas corpus relief.    See 28 U.S.C. § 2244(d)(1)(A).  This limitations period is tolled during the time "a properly filed application for State post-conviction or other collateral review . . . is pending."  Id. § 2244(d)(2).  When he initiated his state post-conviction proceedings, Smith had seventy-three days of the § 2244(d) limitations period remaining.  Holding that Smith's state post-conviction appeal did not toll the limitations period because it was dismissed as untimely, and thus was not "properly filed" under § 2244(d)(2),    see Hoggro v. Boone , 150 F.3d 1223, 1226 n.4 (10th Cir. 1999), the district court concluded that no further tolling of the limitations period occurred after the February 7, 2000 denial of Smith's state petition.  Assuming Smith was not entitled to any further tolling, he had until April 20, 2000 to file for federal habeas relief and therefore missed the deadline by twelve days. [2]

At the time of its decision, the district court did not have the benefit of Gibson v. Klinger , 232 F.3d 799 (10th Cir. 2000).    Gibson held that "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner        could

---

[2]  The district court used slightly different calculations and concluded that the deadline was April 22, 2000, a difference that does not affect the result of this case.

have sought an appeal under state law." Id. at 804. In this case, Rule 5.2(C)(2) of the Rules of the Oklahoma Court of Criminal Appeals allowed Smith thirty days to appeal. See Okla. Stat. Ann. tit. 22, ch. 18 app. Rule 5.2(C)(2). Although he did not file an appeal in state court within that deadline, the § 2244(d) limitations period was still tolled by the thirty days provided by Rule 5.2(C)(2). With that extra time, Smith's federal habeas petition was timely filed.

We **GRANT** COA, **REVERSE** the district court's determination that Smith's § 2254 habeas petition was untimely, and **REMAND** for further proceedings consistent with this opinion.

The mandate shall issue forthwith.


ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge