**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 14 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

STEVEN M. BYERS,

Petitioner-Appellant,

v.

TIM LEMASTER, Warden;
PATRICIA A. MADRID, Attorney
General for the State of New Mexico,

Respondents-Appellees.

No. 01-2261
(D.C. No. CIV-01-219-LH/KBM)
(D. New Mexico)

## ORDER AND JUDGMENT*

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

Mr. Byers, a state prisoner appearing pro se, seeks a certificate of

appealability in order to appeal the district court's denial of his petition for writ

of habeas corpus filed pursuant to 18 U.S.C. § 2254.  For the reasons set out

below, we deny Mr. Byers' request for a certificate of appealability and dismiss

---

*After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G).  The case is therefore submitted without oral argument.  This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel.  The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

the appeal.[1]

Mr. Byers pled guilty to two property crimes and the trial judge indicated that he would impose consecutive sentences. Prior to sentencing, Mr. Byers filed a "Motion for Reconsideration of Sentence" requesting concurrent sentences. Without ruling on the motion, the trial judge filed a written judgment and sentence imposing consecutive sentences. The judgment was entered on May 14, 1993, and no appeal was filed.

In October 1999, upon request of the warden where Mr. Byers is incarcerated, the trial judge amended the judgment and sentence to include a proper parole term. Mr. Byers filed a motion for relief from the consecutive sentences in state court in February 2000. The trial judge denied relief on April 10, 2000, and denied Mr. Byers' subsequent motion for reconsideration. The state court of appeals dismissed Mr. Byers' appeal because he had failed to file his motion for amendment of the amended sentence within the 90-day limit set by state law. The state supreme court denied Mr. Byers' motion for a writ of habeas corpus.

---

[1] Mr. Byers filed what he called a "Motion for Summary Judgment," asking us to find in his favor on appeal because the state chose not to file a response brief. Under our rules, the state may decline to respond to a petitioner's brief on appeal. Consequently, we deny Mr. Byer's motion.

On February 23, 2001, Mr. Byers filed a petition for writ of habeas corpus in federal district court. The magistrate judge recommended, *sua sponte*, that it be dismissed as not timely under AEDPA. *See* rec. vol. I, doc. 17. The district court adopted the findings and recommendations of the magistrate judge and dismissed Mr. Byers' petition. The court subsequently denied Mr. Byers' request for a certificate of appealability under 28 U.S.C. § 2253.

To determine whether Mr. Byers is entitled to a certificate of appealability when the district court has denied a habeas petition on procedural grounds, we examine whether he has made a substantial showing "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (construing 28 U.S.C. § 2253(c)). Pursuant to AEDPA, the district court determined that Mr. Byers' state court conviction became final on May 14, 1993, and that because his conviction was final before April 24, 1996, Mr. Byers had a grace period of 365 days, until April 24, 1997, to file a habeas petition pursuant to § 2254. *See* 28 U.S.C. § 2244(d); *see also United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir. 1997). Because Mr. Byers did not file his federal habeas petition until February 23, 2001, long after his state conviction became final, the district court dismissed his federal habeas petition as untimely.

Mr. Byers argues that his sentence did not become final until it was amended on October 19, 1999, to include the proper parole term. Even assuming that were true, however, Mr. Byers' habeas petition was still untimely. Under this scenario, Mr. Byers would have a year from October 19, 1999, or until October 19, 2000, to timely file his petition in federal court unless the time was tolled. Under AEDPA, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In this circuit, a "properly filed" application is one that satisfies the filing requirements for subsequent state relief, including the time of filing. *Habteselassie v. Novak*, 209 F.3d 1208 (10th Cir. 2000).

Mr. Byers did not file his motion seeking relief from the consecutive sentences set forth in the amended judgment and sentence until February 9, 2000, 113 days after the amended judgment was filed. New Mexico requires such motions to be filed within 90 days of the trial court's decision. Rule 5-801 NMRA 2000. The state court of appeals held that the motion was not timely filed. As a result, the time during which Mr. Byers' claims were proceeding in the state courts is not exempted from the AEDPA-imposed 365-day limit. Mr. Byers filed his federal habeas petition on February 23, 2001, well over a year

after his state court sentence became final, whichever date we use. We conclude, therefore, that Mr. Byers' petition is time-barred under AEDPA.

We have reviewed Mr. Byers' briefs, the magistrate judge's order, the district court's order and judgment, and the entire record on appeal. Because Mr. Byers' section 2254 petition was due at the latest by October 19, 2000, and he failed to file his petition for a writ of habeas corpus within that time period, the district court's dismissal of his petition as time-barred was correct. In addition, for the reasons stated by the district court in its Order filed July 18, 2001, rec. vol. I, doc. 19, we hold that Mr. Byers is not entitled to equitable tolling of the AEDPA limitations period. When, as here, a claim is denied on procedural grounds without reaching the merits of the underlying constitutional claim, a COA should issue only if the petitioner shows that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *McDaniel*, 120 S.Ct. at 1604. Mr. Byers has made no such showing, and we therefore deny his request for a COA on this claim.[2]

_____

[2] We decline to address issues Mr. Byers has raised for the first time on appeal.

We **DENY** the request for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge