**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 17 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LAWRENCE W. FITZGERALD,

      Petitioner-Appellant,

v.

CARL ZENON, Attorney General
of the State of Colorado,

      Respondent-Appellee.

No. 04-1488

District of Colorado

(D.C. No. 04-Z-1166)

---

**ORDER**[*]

---

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

---

Lawrence W. Fitzgerald, a state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Fitzgerald has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and we dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

## I. Facts and Procedural History

Mr. Fitzgerald is a prisoner in the custody of the Colorado Department of Corrections. Following his guilty plea and conviction in 1992, Mr. Fitzgerald filed a number of motions and petitions for post-conviction relief in Colorado state courts, the most recent (so far as we know) being in December 2000.[1] The Colorado Court of Appeals denied these December motions as untimely and the Colorado Supreme Court denied certiorari on June 16, 2003.

Mr. Fitzgerald filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 on June 2, 2004. The magistrate judge ordered Mr. Fitzgerald to show cause why the application should not be denied as barred by the one year limitation period in 28 U.S.C. 2244(d)(1). The magistrate judge detailed in his order the specific dates on which Mr. Fitzgerald filed his various post-conviction motions as well as the periods of time during which those motions were pending in the state courts. The magistrate judge concluded, after taking into account various periods of time when the limitation period was tolled, that the limitation period ended on November 6, 2000. Mr. Fitzgerald contended that the limitation period should have been further tolled pending resolution of the motions he filed in

---

[1]Pursuant to his plea agreement, Mr. Fitzgerald did not directly appeal his conviction.

-2-

December 2000, and should not have begun to run again until June 16, 2003, when the Colorado Supreme Court denied certiorari on his time-barred petitions.

After considering Mr. Fitzgerald's response to the order, the district court dismissed his petition as time-barred. By a subsequent order, the district court denied Mr. Fitzgerald's request for a COA. Mr. Fitzgerald now requests this Court to grant a COA.

## II. Analysis

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition was denied solely on procedural grounds, a petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[B]oth showings [must] be made before the court of appeals may entertain the appeal." *Id.* at 485. If a procedural bar is "plain" and "the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* at 484.

The one year limitation for filing habeas petitions following final judgment may be tolled during "the time . . . a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). An application for post-conviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include, inter alia, "the place and time of filing." *Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000). A petition for post-conviction relief which was not timely filed is not "properly filed" within the meaning of § 2244(d)(2). Because his December filings were untimely, they were not "properly filed" and did not toll the period for filing a federal habeas petition. Therefore, the district court did not err in dismissing the petition as untimely.

Mr. Fitzgerald raises two additional claims on appeal: (1) that mental incompetency led to his failure to satisfy the timeliness requirement for his post-conviction petition, and (2) that the district court judge should have recused herself. However, Mr. Fitzgerald raised neither of these claims to the district

court; thus, we will not consider them now.[2] *See Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1538 (10th Cir. 1996).

Accordingly, we **DENY** Lawrence W. Fitzgerald's request for a COA, **DENY** his request to proceed *in forma pauperis*, and **DISMISS** this appeal.

Entered for the Court,

Patrick Fisher, Clerk

---

[2]Although Mr. Fitzgerald made reference to his alleged mental incompetency in his "motion to alter or amend judgment," he did not then claim that mental incompetency caused the procedural default.