FILED
United States Court of Appeals
Tenth Circuit

June 18, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CANTRELL E. WATTS,

      Petitioner - Appellant,

v.

JUSTIN JONES, Director of
Department of Corrections,

      Respondent - Appellee.

No. 09-7024
(D.C. No. 08-CV-00249-JHP-KEW)
(E.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

      Petitioner-Appellant Cantrell E. Watts, a state prisoner appearing pro se,

seeks a certificate of appealability ("COA") so that he may appeal from the

district court's denial of his habeas petition filed pursuant to 28 U.S.C. § 2254.

In his petition, Mr. Watts raises claims of ineffective assistance of counsel and

violations of his rights to a speedy trial, due process, and equal protection. The

district court held that the petition was untimely and that Mr. Watts was not

entitled to equitable tolling. Watts v. Jones, No. CIV-08-249-JHP-KEW, 2009

WL 437494, at *3-4 (E.D. Okla. Feb. 20, 2009). Because Mr. Watts has failed to

demonstrate that it is reasonably debatable whether the district court's procedural

ruling dismissing his petition is correct, see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny a COA and dismiss the appeal.

Mr. Watts was convicted of indecent exposure on March 3, 2006, in Oklahoma state district court. 1 R. at 16. On June 2, 2006, he filed a Petition in Error in the Oklahoma Court of Criminal Appeals ("OCCA") one day after the statutory deadline expired.[1] 1 R. at 25; see also Okla. Ct. Crim. App. R. 3.1 (ninety-day deadline from date of judgment). The OCCA dismissed Mr. Watts's appeal as untimely on September 8, 2006, instructing Mr. Watts, if he wished to seek further relief, to "file an application for post-conviction relief in the District Court requesting an appeal out of time." 1 R. at 47-48. Mr. Watts received notice of the dismissal on September 11, 2006. 1 R. at 105, 123. As a result, Mr. Watts had one year from that date in which to file his federal habeas petition, 28 U.S.C. § 2244(d)(1)(A), but the one-year period could be tolled during the pendency of a properly filed state post-conviction motion, id. § 2244(d)(2).

On September 14, 2006, Petitioner attempted to file an application for state post-conviction relief, 1 R. at 106, 124; however, he did not file it in the trial court as required under Okla. Ct. Crim. App. R. 2.1(E). See 1 R. at 106, 124. In

---

[1] As a result of Mr. Watts's attorney's failure to file within the statutory deadline, Mr. Watts requested and appears to have been granted permission to file an appeal out of time. Pet. Br. Att. (State v. Watts, No. CF-2005-346 (Pittsburg County Dist. Ct. Mar. 18, 2009)). We have previously held that a state court's grant of leave to appeal out of time does not result in tolling of the one-year statutory limitation on filing for federal habeas relief. Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000); see also 28 U.S.C. § 2244(d)(1).

- 2 -

addition, Mr. Watts appears to have filed motions for state post-conviction relief on June 27, 2008, and July 17, 2008. 1 R. at 103, 127, 129. These two additional applications clearly fall beyond the September 11, 2007, expiration of the 28 U.S.C. § 2244(d)(1)(A) limitations period, and thus do not require any statutory tolling. It was not until July 23, 2008, that Mr. Watts filed his federal petition, nearly a year after the expiration of the limitations period. I R. at 6. This passage of time well exceeds the applicable one-year statute of limitations, and thus the district court was correct in concluding that Mr. Watts's petition was untimely. 1 R. at 211.

While Mr. Watts does not expressly request equitable tolling, he blames his trial attorney for his current predicament. Furthermore, in his habeas petition, he claims that he suffers from a medical condition that makes it difficult for him to concentrate, that he lacks a complete law library, and that he requires legal assistance with this petition. 1 R. at 12. We have limited equitable tolling of the one-year limitations period to "rare and exceptional" circumstances. Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Equitable tolling is only

> appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct — or other uncontrollable circumstances — prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Simple excusable neglect is not sufficient. Moreover, a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law . . . is not enough to support equitable tolling.

Id. (internal citations omitted).  Mr. Watts has not shown that any of these circumstances, or any similar circumstances, exist.

Although Mr. Watts attempted to file a state post-conviction motion on September 14, 2006, in the wrong court, this motion is not considered "properly filed" as required by 28 U.S.C. § 2244(d)(2).  To satisfy the "properly filed" requirement of 28 U.S.C. § 2244(d)(2), a petitioner must comply with state procedural requirements.  See Habteselassie v. Novak, 209 F.3d 1208, 1210-11 (10th Cir. 2000).  The OCCA and the Oklahoma rules are clear: Mr. Watts was required to file an application for post-conviction relief in the state district court. His failure to do so removes him from that rare category of cases warranting equitable tolling discussed in Gibson.  Accordingly, because Mr. Watts has not alleged facts that indicate equitable tolling is appropriate, no reasonable jurist could debate the district court's conclusion that Mr. Watts was not entitled to such tolling.  Mr. Watts's action was untimely.

We DENY the application for a COA, DENY all pending motions, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

- 4 -