FILED
United States Court of Appeals
Tenth Circuit

May 3, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALPHONZO RAY SMALLWOOD,

　　　　Petitioner-Appellant,

v.

TERRY MARTIN, Warden,

　　　　Respondent-Appellee.

No. 13-5004

(D.C. No. 4:12-CV-00407-GFK-TLW)

(N.D. of Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY***

Before **BRISCOE**, Chief Judge, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Alphonzo Smallwood, an Oklahoma state prisoner, seeks a certificate of appealability (COA) to enable him to appeal the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we construe Smallwood's filings liberally because he is proceeding pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

We conclude the district court correctly disposed of Smallwood's petition and therefore deny the application for a COA and dismiss this appeal.

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. Background

## A. Timeline of Relevant Events

The proper disposition of this case turns on a what-happened-when

analysis. This is particularly helpful in this case given the corruption charges

eventually filed against some of the Tulsa police officers involved in

Smallwood's prosecution. The relevant facts are therefore best presented in a

timeline:

| | |
|---|---|
| Jan. 8, 2007 | Smallwood pleads guilty to drug charges and is sentenced to prison by the Tulsa County District Court. |
| Jan. 19, 2007 | Smallwood's conviction becomes "final" for purposes of § 2254. *See* Oklahoma Court of Criminal Appeals (OCCA) Rule 4.2(A) ("to appeal from any conviction on a plea of guilty . . . the defendant must have filed . . . an application to withdraw the plea within ten (10) days from the date of the pronouncement of the Judgment and Sentence"). |
| June 14, 2007 | Smallwood files a "Motion for Judicial Review and for Sentence Modification" with the Tulsa County District Court. R. at 44. |
| June 21, 2007 | The Tulsa County District Court denies Smallwood's motion because he is "not eligible for Judicial Review." R. at 46. |
| Sept. 12, 2007 | Smallwood files a second "Motion for Judicial Review and for Sentence Modification" with the Tulsa County District Court. R. at 47. It is not clear when or if the state court ruled on this motion. |

| | |
|---|---|
| July 20, 2010 | Five Tulsa police officers (including some who were involved in Smallwood's arrest) are indicted in federal court on corruption charges, including charges of planting drugs. |
| June 10, 2011 | After a jury trial of three of the Tulsa police officers, a federal jury convicts one and acquits the other two. |
| Aug. 25, 2011 | After a jury trial of the remaining two police officers, a federal jury convicts one (who had also been involved in Smallwood's arrest) and acquits the other. |
| Nov. 15, 2011 | Smallwood files an application for post-conviction relief with the Tulsa County District Court, alleging grounds for relief based in part on the Tulsa police officers' corruption. |
| Mar. 19, 2012 | The Tulsa County District Court denies Smallwood's application for post-conviction relief. |
| June 25, 2012 | The OCCA affirms the lower court's denial of Smallwood's application for post-conviction relief. |
| July 23, 2012 | Smallwood files for § 2254 relief in federal court. |

### B. *Smallwood's § 2254 Petition*

Smallwood's § 2254 petition asserts five grounds for relief. Ground One claims the police who arrested him violated his Fourth Amendment rights. Grounds Two and Three are ineffective-assistance-of-counsel claims based on Smallwood's trial counsel's purported failure to prepare adequately for a suppression hearing. Grounds Four and Five argue that the police officers who

-3-

arrested him (and were later charged with corruption) violated *Brady* by not disclosing their involvement in criminal activity.

### C. *The District Court's Disposition*

The district court did not analyze Smallwood's grounds for relief individually. Rather, the court disposed of all grounds on two alternative arguments.

First, the district court concluded that Smallwood failed to bring his claims within the appropriate statute of limitations. Second, to the extent Smallwood might deserve tolling because he could not have discovered the basis for his claims (*i.e.*, the Tulsa police officers' corruption) within the statute of limitations, the court held that Smallwood still waited too long. The court reasoned that Smallwood should have known about the police officers' corruption on or about the time they were indicted in July 2010. But Smallwood did not file his § 2254 petition until two years later, and therefore not within any reasonable construction of the one-year limitations period.

## II. Analysis

For somewhat different reasons than those articulated by the district court, we believe it reached the correct outcome. We therefore deny a COA.

### A. *AEDPA's Statute of Limitations*

According to the Antiterrorism and Effective Death Penalty Act (AEDPA), a one-year statute of limitations applies to habeas petitions filed by state

prisoners. 28 U.S.C. § 2244(d)(1). As relevant to this case, that statute of limitations begins to run from the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id*. § 2244(d)(1)(A) & (D). In addition, the limitations period is tolled for as long as "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id*. § 2244(d)(2).

## B. *Smallwood's First, Second, and Third Grounds for Relief*

Smallwood's first, second, and third grounds for relief claim Fourth Amendment violations[1] and ineffective assistance of counsel with respect to a suppression hearing. These grounds have nothing to do with the subsequent indictment and conviction of certain Tulsa police officers. Therefore, in seeking to satisfy the statute of limitations as to these three grounds, Smallwood gains no advantage from AEDPA's extension until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id*. § 2244(d)(1)(D). Smallwood knew all the facts relevant to

[1] If Smallwood had a full and fair opportunity to litigate his Fourth Amendment claim in the trial court, he would be barred from raising it in a habeas context. *Stone v. Powell*, 428 U.S. 465, 496 (1976). But the record before us does not suffice to determine whether he had a full and fair opportunity.

these claims when or before he pleaded guilty. Thus, he had one year from "the date on which the judgment became final" as modified by any time in which he had a "properly filed application for State post-conviction or other collateral review" pending. *Id*. § 2244(d)(1)(A) & (d)(2).

Smallwood pleaded guilty and was sentenced on January 8, 2007. If he wished to appeal notwithstanding his guilty plea, Oklahoma law required him to file an application to withdraw his guilty plea within ten days—*i.e.*, by January 18, 2007. *See* OCCA Rule 4.2(A). He did not do so. For AEDPA purposes, his conviction therefore became final on January 19, 2007, requiring him to file a § 2254 petition by January 19, 2008 unless a tolling event intervened.

Within that year, Smallwood filed two motions styled "motion for judicial review and sentence modification." Neither one of these petitions was brought under Oklahoma's Post-Conviction Procedure Act, Okla. Stat. Ann., tit. 22, §§ 1080–89. Rather, the first motion—which comprises only a request for relief, with no supporting allegations—was brought under an Oklahoma statute that provides for judicial review of "prison disciplinary proceedings that result in the revocation of earned credits." Okla Stat. Ann., tit. 57, § 564.1(A). This first motion would therefore not qualify as a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2).

The second motion was brought under Okla Stat. Ann., tit. 22, § 982a, which permits the trial court to modify a prisoner's sentence within two years of

-6-

judgment, even if the court would normally lack jurisdiction because of a pending appeal. *See Dowdy v. Caswell*, 43 P.3d 412, 413–14 (Okla. Crim. App. 2002). There is no indication that this is a collateral review mechanism, and Smallwood's general argument under it is that he had behaved well in prison so far. But Smallwood also asserted that his sentence is excessive, followed somewhat incongruently by the assertion, "Wherefore there is a claim of ineffective assistance of counsel." R. at 47. Smallwood also argued that he would have never pleaded guilty had he "known the seriousness of the crime he was being charged with." *Id*.

Assuming for the sake of argument that either motion was intended as a petition for collateral review, the question then is whether they would qualify as "properly filed" under Oklahoma law. "[A] 'properly filed' application [for purposes of § 2244(d)(2)] is one filed according to the filing requirements for a motion for state post-conviction relief." *Habteselassie v. Novak*, 209 F.3d 1208, 1210 (10th Cir. 2000). The requirements can include "conditions precedent that the state may impose upon the filing of a post-conviction motion." *Id*. at 1211.

In Oklahoma, such conditions precedent include the need to raise an argument on direct appeal before asserting it on collateral review. *See Pickens v. State*, 910 P.2d 1063, 1067 (Okla. Crim. App. 1996) ("this Court does not consider . . . an issue which could have been raised on direct appeal but which was not (and is therefore waived)"); *Jones v. State*, 704 P.2d 1138, 1140 (Okla.

Crim. App. 1985) ("if an issue is bypassed on direct appeal, it may not be asserted on application for post-conviction relief"). Accordingly, Smallwood's petitions were not "properly filed" because he never attempted to withdraw his guilty plea and then appeal directly (assuming the trial court denied the motion to withdraw).[2]

Because Smallwood never "properly filed" a post-conviction application within one year from his conviction, he did not satisfy AEDPA's one-year limitations period with respect to his first, second, and third grounds for relief.[3]

## C. Smallwood's Fourth and Fifth Grounds for Relief

Smallwood bases his fourth and fifth grounds for relief in the revelation that certain Tulsa officers (including some involved in Smallwood's arrest) had been involved in a corrupt scheme that included planting drugs on suspects. This information, Smallwood argues, resets the one-year clock. *See* 28 U.S.C. § 2244(d)(1)(D).

---

[2] Oklahoma does not necessarily postpone ineffective-assistance-of-counsel claims to the post-conviction stage. Rather, if the facts leading to the claim were available to a direct appeal attorney, the ineffective-assistance claim must be brought on direct appeal or it is forfeited. *Hooker v. State*, 934 P.2d 352, 354 (Okla. Crim. App. 1997). Smallwood's papers make clear that the facts underlying his dissatisfaction with his trial counsel were known to him at the time he pleaded guilty.

[3] Smallwood's post-conviction applications filed in 2011 do not reset the clock. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

If police officers had planted drugs on Smallwood, he would have the basis for stating a due process violation. *Napue v. Illinois*, 360 U.S. 264, 269 (1959) ("a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment"). Presumably Smallwood would have known at the time that officers had planted drugs on him, raising the question of whether he was required to object on that account in the trial court to preserve this issue for later review. But we need not resolve that issue here because Smallwood does not allege that Tulsa officers planted drugs on him. Instead, Smallwood attempts to connect the officers' corrupt behavior to himself through the following cryptic assertion:

> In Mr. Smallwood's case the consent to search was not voluntary and there were irregularities with the amount of drugs allegedly recovered. It was reported he [Smallwood?] tossed one cocaine rock baggie prior to his arrest. By the time of the plea the claim was that in excess of 5.81 grams was recovered.

R. at 10 (Ground Four); *see also id.* at 12 (repeating same assertion under Ground Five).

The problem with these assertions is that Smallwood fails to deny having tossed a baggy of cocaine or the amount of cocaine. He simply proclaims "irregularities" and leaves the court to make the connection. While we construe pro se pleadings liberally, our liberality can only stretch so far. As one court said in a Rule 12(b)(6) context, "when a complaint omits facts that, if they existed,

-9-

would clearly dominate the case, it seems fair to assume that those facts do not exist." *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976). The same holds true for habeas relief. We therefore do not see the revelation of corruption among certain Tulsa police officers as creating a new factual predicate for a due process claim, thus potentially extending § 2244's one-year limitations period.

Perhaps recognizing this, Smallwood actually frames Grounds Four and Five not as general due process violations, but specifically as *Brady* violations. In particular, because knowledge of the officers' corruption would have been both favorable and material to his defense, Smallwood concludes that the officers had a *Brady* obligation to disclose their own corruption before testifying at a suppression hearing. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (obligating state to disclose evidence "favorable to an accused . . . where the evidence is material either to guilt or to punishment"); *see also Youngblood v. West Virginia*, 547 U.S. 867, 869–70 (2006) (confirming that *Brady* reaches evidence known to the police but not the prosecutor).

Smallwood cites no authority for this novel interpretation of *Brady*, nor could we locate any. On this record, we decline to adopt a rule that might require courts to reopen every case in which a corrupt officer testified regardless of whether the corruption extended to that case.

Because this is not a *Brady* claim based on information discovered post-verdict, § 2244(d)(1)(D) does not apply, and we perceive no other basis in

§ 2244(d) to extend the statute of limitations for Grounds Four and Five. Accordingly, like Smallwood's first three grounds, his last two are barred by AEDPA's one-year statute of limitations.

## III.  Conclusion

For the foregoing reasons, we DENY the application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge