FILED
United States Court of Appeals
Tenth Circuit

March 12, 2019

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KESHIA PORTER, as the wrongful death
representative for the claimants entitled to
recover for the wrongful death of Delandis
Richardson, deceased,

     Plaintiff - Appellant,

v.

FORD MOTOR COMPANY,

     Defendant - Appellee.

No. 18-8028

_____

**Appeal from the United States District Court
for the District of Wyoming
(D.C. No. 1:17-CV-00133-ABJ)**
_____

Vincent L. Marable III, Paul Webb, P.C., Wharton, Texas (Vance Countryman, Vance T.
Countryman, P.C., Lander, Wyoming, J. Hunter Craft and Laura A. Cockrell, Craft Law
Firm, P.C., Houston, Texas, with him on the briefs), for Plaintiff-Appellant.

Katherine B. Wellington, Hogan Lovells US LLP, Washington, D.C. (Jessica L.
Ellsworth, Hogan Lovells US LLP, Washington, D.C., and Richard A. Mincer, Hirst
Applegate, LLP, Cheyenne, Wyoming, with her on the brief), for Defendant-Appellee.
_____

Before **LUCERO**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

**LUCERO**, Circuit Judge.
_____

Keshia Porter appeals the district court's dismissal of her complaint as time barred. The district court concluded that this action is untimely under Wyo. Stat. § 1-38-102 because Porter did not file a petition for appointment as a wrongful death representative ("WDR") within two years of her husband's death. However, such a petition was filed by another putative representative within two years and Porter was appointed WDR in that state court action. She then filed the present suit within thirty days of her appointment. On these facts, we conclude that Porter's complaint is timely under Wyo. Stat. § 1-38-103(b)(ii). Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand.

## I

Porter's husband, Delandis Richardson, was killed in an auto accident in Campbell County, Wyoming, on November 25, 2014.[1] Within two years, on November 21, 2016, Vance Countryman filed a "Petition/Action for the Appointment of Wrongful Death Representative" in the District Court of Campbell County, Wyoming.[2] Countryman requested appointment as Richardson's WDR under Wyo. Stat. §§ 1-38-101 to 105.

---

[1] Because this case was decided on a motion to dismiss, we take the following facts from the complaint. See Acosta v. Jani-King of Okla., Inc., 905 F.3d 1156, 1158 (10th Cir. 2018).

[2] Although the records from the state court action were not included in the complaint, they are nevertheless properly considered. A court may look to documents subject to judicial notice in deciding a motion to dismiss. Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010). And records from a related case may be judicially noticed. St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979).

The state court judge expressed concern that appointing Countryman, who would be acting as an attorney in the wrongful death suit, could pose ethical problems. On April 27, 2017, Porter filed an "Amended Petition/Action for the Appointment of Wrongful Death Representative" asking the court to appoint her as Richardson's WDR. It stated that "[t]his petition is 'made in a separate action brought solely for appointing the wrongful death representative' pursuant to Wyo. Stat. Ann. § 1-38-103(b)." The document was filed in the existing state court action. On July 10, 2017, the court appointed Porter the WDR for Richardson.

Porter then filed this action against Ford Motor Company on August 7, 2017, as Richardson's WDR. Ford moved to dismiss, arguing that Porter's claims were barred by Wyoming's two-year limitations period for wrongful death actions. See Wyo. Stat. § 1-38-102(d). The district court agreed and dismissed the complaint with prejudice. Porter timely appealed.

## II

We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). Acosta, 905 F.3d at 1158. In so doing, we accept as true all well-pled factual allegations and construe them in the light most favorable to the plaintiff. Id. "A federal court sitting in diversity applies state law for statute of limitations purposes." Burnham v. Humphrey Hosp. REIT Trust, Inc., 403 F.3d 709, 712 (10th Cir. 2005).

Under Wyoming law, "[t]he right to sue for wrongful death is created purely by statute." Corkhill v. Knowles, 955 P.2d 438, 442 (Wyo. 1998). Any wrongful death claim must be brought in the name of the decedent's WDR. Wyo. Stat.

3

§ 1-38-102(a). "An action for wrongful death shall be commenced within two (2) years after the death of the decedent." § 1-38-102(d). However, "[i]f an action to appoint the [WDR] is properly filed, the limitation period under [§] 1-38-102(d) and any other applicable limitation periods shall be tolled from the time the action is filed until thirty (30) days after an order appointing the [WDR] is entered." § 1-38-103(b)(ii). The Wyoming Supreme Court has explained that this limitations period is a condition precedent to filing suit. Corkhill, 955 P.2d at 442.

The district court stated that the dispositive question is whether Porter's Amended Petition relates back to the Petition filed by Countryman. We conclude that a relation back inquiry is unnecessary. The Wyoming statute sets forth a straightforward conditional statement: "If an action to appoint the [WDR] is properly filed," then "the limitation period . . . shall be tolled from the time the action is filed until thirty (30) days after an order appointing the [WDR] is entered." § 1-38-103(b)(ii). The antecedent was satisfied when the Petition to appoint a WDR was filed within two years of Richardson's death, on November 21, 2016. Accordingly, the limitations period was tolled. There is no dispute that Porter filed this case within thirty days of her appointment as WDR. Her claim is thus timely.

In arguing to the contrary, Ford notes that Porter filed her Amended Petition after two years had passed and contends the date of the Amended Petition is determinative. But the statute does not require the individual who is ultimately appointed WDR to initiate the action; it applies whenever "an action to appoint the [WDR] is properly filed." Id. Ford similarly treats the Amended Petition as if it

4

were filed as an independent action, and thus outside the two-year period. But the state court did not open a new case file upon the filing of the Amended Petition, instead filing it in the existing action. That decision was consistent with the statute, which indicates that "[a]fter an action to appoint [WDR] is filed . . . [n]o subsequent action for appointment may be maintained." § 1-38-103(b)(i).

Ford points out that Porter's Amended Petition states it was "made in a separate action brought solely for appointing the wrongful death representative," quoting § 1-38-103(b). And the company criticizes Porter for failing to caption her Amended Petition as a motion to intervene. See § 1-38-103(b) (stating that "[i]n any action in which appointment of the [WDR] is sought," a person claiming to qualify "may intervene as a matter of right"). Ford thus contends that Porter failed to "strictly comply[]" with a condition precedent. Harmon v. Star Valley Med. Ctr., 331 P.3d 1174, 1188 (Wyo. 2014). But these arguments are, in essence, improper collateral attacks on the state court decision. See Halliburton Energy Servs., Inc. v. Gunter, 167 P.3d 645, 650 (Wyo. 2007) (holding a defendant lacks standing to collaterally attack the appointment of a WDR, absent facial invalidity of the ruling). The state court appointed Porter as WDR in the same action that was filed within the limitations period, and Porter filed suit within thirty days of that appointment. She thus complied strictly with the statute's requirements.

Ford also argues Countryman's Petition was not "properly filed" within the meaning of § 1-38-103(b)(ii) because the state court expressed concerns about the ethical problems his appointment would pose. But as we have held in a different

5

context, the phrase "properly filed" refers to "filing requirements" such as "the place and time of filing" or "the payment or waiver of any required filing fees." Habteselassie v. Novak, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted). The phrase does not refer to issues that "require analysis in some manner of the substance of the claims." Id. at 1211.

## III

For the foregoing reasons, we **REVERSE** and **REMAND** for further proceedings consistent with this opinion.