**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 2, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PAULA A. MITCHELL,

    Plaintiff - Appellant,

v.

THE BANK OF NEW YORK MELLON,
a New York chartered bank; BRAD
DEHAAN; HILLARY MCCORMACK;
BRIGHAM LUNDBERG; LUNDBERG &
ASSOCS, PC, a Utah professional
corporation; NUVENTURE GROUP, LLC,
a Utah limited liability company,

    Defendants - Appellees,

and

STATUTORY BENEFICIARY DOES,
1-1000; REPURCHASING DOE; DOES
1001-2000,

    Defendants.

No. 19-4098
(D.C. No. 2:18-CV-00636-CW)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **MORITZ**, Circuit Judges.
_____

Paula A. Mitchell appeals from the district court's judgment dismissing her federal claims under Federal Rule of Civil Procedure 12(b)(6) and declining to exercise supplemental jurisdiction over her state-law claims. Defendant The Bank of New York Mellon (Bank) has filed a motion for monetary sanctions under Federal Rule of Appellate Procedure 38 and 10th Circuit Rule 46.5 against both Ms. Mitchell and her current appellate counsel on the ground that the appeal is frivolous and was brought as a delay tactic. We agree with the Bank that the appeal is frivolous, but only with respect to her current appellate attorney's briefing and filing of an appendix. Therefore, exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's judgment and amended judgment, grant the Bank's motion for monetary sanctions against Ms. Mitchell's current appellate counsel, deny the motion for sanctions against Ms. Mitchell, and remand to the district court for the limited purpose of determining the amount of the monetary award.

## I.  Background

In 2006, Ms. Mitchell obtained a loan secured by a deed of trust on real property that was her residence. In 2010, the Bank, claiming it had obtained a beneficial interest under the trust deed, pursued nonjudicial foreclosure against Ms. Mitchell. In 2011, Ms. Mitchell sought to prevent foreclosure by filing an action in Utah state district court against the Bank and others, which the parties here refer to as *Mitchell I*. Among other things, she contended that the Bank lacked any beneficial

2

interest in the trust deed. The court ruled against Ms. Mitchell on all of her claims, concluding, among other things, that the Bank was now the beneficiary of the trust deed and had foreclosure authority. Ms. Mitchell appealed and later filed a motion to dismiss her appeal for lack of jurisdiction, arguing that *Mitchell I* was not final. The Utah Court of Appeals denied that motion, ruling that the district court had "resolved all causes of action raised in the litigation." Aplee. App., Vol. 1 at 181. It later affirmed *Mitchell I*, *see Mitchell v. ReconTrust Co. NA*, 373 P.3d 189, 193 (Utah App. 2016), and the Utah Supreme Court denied certiorari, *see Mitchell v. ReconTrust Co*, 387 P.3d 508, 508 (Utah 2016).

While the appeal of *Mitchell I* was pending, the Bank initiated a judicial foreclosure proceeding in Utah state district court, which the parties refer to as *Mitchell II*. In that case, Ms. Mitchell filed a counterclaim contesting the finality of *Mitchell I*. The *Mitchell II* court dismissed the counterclaim and granted summary judgment to the Bank, concluding that the Bank was entitled to judicially foreclose on Ms. Mitchell's property. Ms. Mitchell appealed the *Mitchell II* ruling to the Utah Court of Appeals.[1]

After the Bank purchased the property at a sheriff's sale, Ms. Mitchell filed the instant action in federal district court against the Bank, the law firm that represented

---

[1] The parties inform us that recently, the Utah Court of Appeals concluded that *Mitchell II* was not final because the state district court had not disposed of Ms. Mitchell's third-party claims. Accordingly, the Utah Court of Appeals dismissed the appeal and remanded the case to the state district court. As discussed below, that ruling has no consequences for our disposition of this appeal.

the Bank in *Mitchell II* and several of the firm's attorneys (collectively, Lundberg Defendants), NuVenture Group, LLC, and various "Doe" defendants.  She generally alleged that the Bank did not own her mortgage and had no right to foreclose.  She asserted two federal claims for violations of due process under 42 U.S.C. § 1983 and one federal claim for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 to 1692p.  She also asserted numerous state-law claims.  She sought declaratory relief effectively undoing the foreclosure sale and quieting title in her favor, injunctive relief, and damages in the form of attorney's fees.

The Bank moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The Bank also filed state-law counterclaims against Ms. Mitchell for unlawful detainer, ejectment, and trespass, and a third-party complaint against unknown defendants for ejectment and trespass.  Ms. Mitchell moved to dismiss the counterclaims, which arose from her continued possession of the property after the sheriff's sale.[2]

After a hearing, the district court dismissed with prejudice all three of Ms. Mitchell's federal claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, declined to exercise supplemental jurisdiction over her

---

[2] The Lundberg Defendants also filed a motion to dismiss, which the district court granted.  NuVenture Group answered the complaint and filed a crossclaim against the Bank, which the district court dismissed without prejudice for lack of jurisdiction.  The district court's disposition of the case as to these defendants is not at issue in this appeal; Ms. Mitchell expressly elected not to proceed with her appeal as to the Lundberg Defendants, *see* Aplt. Opening Br. at 1, and her appellate briefs do not mention NuVenture.

4

state-law claims, and dismissed the Bank's counterclaims without prejudice under the *Colorado River* doctrine.[3]  Ms. Mitchell appeals.

## II.  Discussion

### A.    Standard of review

We review de novo the district court's dismissal of a complaint under Rule 12(b)(6).  *Albers v. Bd. of Cty. Comm'rs*, 771 F.3d 697, 700 (10th Cir. 2014). "To survive a motion to dismiss, a plaintiff must plead facts sufficient to state a claim to relief that is plausible on its face."  *Id.* (internal quotation marks omitted).  "[W]e must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."  *Id.* (internal quotation marks omitted).

### B.    § 1983 claims

In her two § 1983 claims, Ms. Mitchell alleged that the Bank violated her due process rights by persuading the *Mitchell II* court that the *Mitchell I* proceedings (including the Utah Court of Appeals' decision in that case) were final and therefore res judicata as to her counterclaims, which led to the adverse rulings in *Mitchell II*. To show the required element of state action, Ms. Mitchell argued that the Bank

---

[3] The *Colorado River* doctrine applies to "situations involving the contemporaneous exercise of concurrent jurisdictions . . . by state and federal courts."  *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  The district court applied the *Colorado River* doctrine here because the Bank was litigating substantially the same issues (unlawful detainer, ejectment) in a parallel case it had filed in Utah state court after the sheriff's sale, which the state court stayed pending resolution of Ms. Mitchell's claims in this action.  The district court's *Colorado River* ruling is not at issue in this appeal.

acted jointly with the *Mitchell II* judge. *See Wittner v. Banner Health*, 720 F.3d 770, 773 (10th Cir. 2013) ("A § 1983 claim requires a plaintiff to show both the existence of a federally-protected right and the deprivation of that right by a person acting under color of state law."). The district court rejected that position because Ms. Mitchell had not alleged that any state officials conspired or acted jointly with the Bank in deciding to rule against her in *Mitchell II*, or that the Bank had an understanding or an agreed plan with the state judge. *See id.* at 777 (explaining that the joint-action test "ask[s] whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights" (internal quotation marks omitted)).

On appeal, Ms. Mitchell provides only a cursory argument regarding the district court's ruling on her joint-action theory, which is also referred to as "joint participation," *see Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983). First, she contends that the district court "ignored the concept of joint participation." Aplt. Opening Br. at 16. This statement is patently incorrect; as just explained, the district court concluded that Ms. Mitchell had advanced no allegations supporting joint participation. Second, Ms. Mitchell provides two quotes from judicial decisions concerning joint participation. The first is from *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 934 (1982):

> If the creditor-plaintiff violates the debtor-defendant's due process rights by seizing his property in accordance with statutory procedures, there is little or no reason to deny to the latter a cause of action under the federal statute, § 1983, designed to provide judicial redress for just such constitutional violations.

6

The second quote is from a vacated district-court case quoting *Lugar*:

> The Supreme Court has "consistently held that a private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a 'state actor' for purposes of the Fourteenth Amendment."

*Jordan v. Fox, Rothschild, O'Brien & Frankel*, 787 F. Supp. 471, 475 (E.D. Pa. 1992) (quoting *Lugar*, 457 U.S. at 941), *vacated*, 20 F.3d 1250 (3d Cir. 1994).

Reduced to its essence, Ms. Mitchell's entire challenge to the district court's rejection of her joint-participation theory consists of two quotations from *Lugar* unaccompanied by any analysis relating those quotations to this case or explaining why she thinks the district court erred in its analysis.[4] Despite the case citations, we consider the issue waived based on the total lack of analysis. *See Bronson v. Swensen*, 500 F.3d 1099, 1104-05 (10th Cir. 2007) (explaining that "we routinely . . . decline[] to consider arguments . . . inadequately presented . . . in an appellant's opening brief" and declining to review appellate arguments consisting of no more than "cursory statements, without supporting analysis and case law"); *see also United*

---

[4] Ms. Mitchell also makes the summary assertion that the district court erred by not discussing other ways a private actor can be deemed a state actor for § 1983 purposes. *See* Aplt. Opening Br. at 2. But the district court found that she had exclusively relied on the joint-action test and "confine[d] its analysis" to the joint-action test. Aplt. App. at 64 (brackets and internal quotation marks omitted). Our review of her opposition to the Bank's motion to dismiss confirms the district court's finding. *See* Aplee. App., Vol. 3 at 614-15 (summarily discussing only "'joint participation'"). And here, Ms. Mitchell does not discuss the matter further, address any other theories, or argue plain error. She has therefore waived appellate review of any other theories she may have had in mind. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011) ("[T]he failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court.").

*States v. Chavez*, 976 F.3d 1178, ___, No. 17-8096, 2020 WL 5807864, at *19 n.18 (10th Cir. Sept. 30, 2020) (suggesting that waiver applies where appellant fails to "meaningfully engage" with an issue by providing only "a few cursory sentences . . . accompanied by a single case citation" that generically recites the relevant standard).

Moreover, the Bank provides a cogent analysis explaining the inapplicability of *Lugar* (and, for that matter, *Jordan*, despite Ms. Mitchell's complete failure to say anything relevant about *Jordan*). *See* Bank's Resp. Br. at 19-23. Ms. Mitchell provides no counterargument in her reply brief; in fact, her reply brief does not address her § 1983 claims at all. Instead, she claims to have reserved an alleged "right to oral argument" on all issues, "including replying to each of [the Bank's] arguments in its Response Brief." Aplt. Reply Br. at 3. But there is no unqualified "right" to oral argument. *See* Fed. R. App. P. 34(a)(2) (explaining that a three-judge panel can dispense with oral argument if the panel "unanimously agrees that oral argument is unnecessary" for any of three enumerated reasons). If Ms. Mitchell wanted to respond to the Bank's arguments, she should have done so in her reply. *See Ross v. Univ. of Tulsa*, 859 F.3d 1280, 1292 n.10 (10th Cir. 2017) (deeming an argument "waived because it was presented for the first time at oral argument").

Nonetheless, we have reviewed the issue and agree with the Bank's analysis. By its own terms, *Lugar* is limited to its factual context—cases involving prejudgment property deprivations. *See Lugar*, 457 U.S. at 939 n.21 ("The holding today . . . is limited to the particular context of prejudgment attachment."). The Supreme Court has reaffirmed that *Lugar* is inapplicable beyond *ex parte*

8

prejudgment proceedings. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 58 (1999) (acknowledging that *Lugar* made clear that "its language must not be torn from the context out of which it arose" and therefore declining to extend *Lugar* where defendants made "no effort" to seize the plaintiffs' property "by an *ex parte* application to a state official"). Consistent with *Lugar*, the *Jordan* court concluded that "private attorneys, acting on their client's behalf, who invoke the machinery of the state to effect an *ex parte* seizure of property can be found to be state actors under § 1983." 787 F. Supp. at 477.[5] Such is not the case here. Ms. Mitchell's due-process allegations concerned a judicial foreclosure suit that she litigated at length, not a prejudgment deprivation, *ex parte* or otherwise.

Furthermore, *Lugar* does not apply where a plaintiff asserts that a private actor abused a state process in an effort to seize disputed property. *See Lugar*, 457 U.S. at 942 (concluding that although joint participation occurs "when the State has created a system whereby state officials will attach property on the *ex parte* application of one party to a private dispute," it does not occur when a plaintiff "allege[s] only misuse or abuse of the statute"). In this case, Ms. Mitchell alleged that the Bank abused the judicial-foreclosure process by making misrepresentations to the *Mitchell II* court about the finality of *Mitchell I* and urging the *Mitchell II* court

---

[5] Despite vacating *Jordan* on other grounds, the Third Circuit affirmed the district court's ruling on this point. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1267 (3d Cir. 1994).

9

to apply *Mitchell I* as res judicata against her counterclaims. That does not amount to joint participation under *Lugar*.

Ms. Mitchell neither addressed the limitations on *Lugar*'s applicability nor presented any argument for extending *Lugar* beyond those limitations. Her wholly inadequate briefing, coupled with the readily apparent inapplicability of the cases (*Lugar* and *Jordan*) she baldly relies on, leads us to the conclusion that the appeal of the district court's dismissal of her § 1983 claims is frivolous. We therefore have no trouble affirming the district court's dismissal of her § 1983 claims.[6]

## C.     FDCPA claim

Ms. Mitchell fares even worse with respect to the district court's dismissal of her FDCPA claim. Although she lists an issue directed at one of the district court's rationales for dismissing part of the claim, she provides no supporting argument. And what argument she does provide concerns a statute-of-limitations issue the district court decided in her favor and a ruling the district court expressly avoided making.

---

[6] We note also that Ms. Mitchell did not provide any argument on the fourth issue listed in her statement of issues, which claims the district court "erred in dismissing the due process challenges which were not brought under Section 1983 (i.e., as a claim for damages), but rather were seeking declaratory judgments that [Ms.] Mitchell's due process rights had been violated, and were being violated, rendering the judicial foreclosure action null and void." Aplt. Opening Br. at 2. By failing to provide any argument on this issue, Ms. Mitchell has waived it. *See Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n*, 483 F.3d 1025, 1031 (10th Cir. 2007) ("Where an appellant lists an issue, but does not support the issue with argument, the issue is waived on appeal.").

In her complaint, Ms. Mitchell alleged that the Bank violated three FDCPA provisions:  (1) 15 U.S.C. § 1692g(a)'s requirement that a debt collector must send a debt validation notice within five days of its initial communication about the debt; (2) § 1692e's prohibition on false representations in debt collection, based on the Bank's representations to the court in *Mitchell II* about the finality of *Mitchell I*; and (3) § 1692f(6)'s prohibition on unlawful means of repossessing a debtor's property. The district court dismissed the claim based entirely on pleading failures in Ms. Mitchell's complaint.  After first rejecting the Lundberg Defendants' argument that the § 1692g claim was barred by a statute of limitations, the district court dismissed the § 1692g claim because "Ms. Mitchell entirely fail[ed] to identify *any* document that constitutes an 'initial communication' under § 1692g(a)," Aplt. App. at 68.  The court dismissed the § 1692(e) claim because Ms. Mitchell made only a conclusory allegation that the Bank "made knowing misrepresentations to the [state] Courts as to the status of Mitchell I regarding res judicata and finality in order to obtain the judicial sale.'"  *Id.* at 70 (brackets in original) (quoting *id.* at 48, ¶ 213). And the court dismissed the § 1692(f)(6) claim because Ms. Mitchell had alleged that the foreclosure sale was a judicial foreclosure sale, but § 1692(f)(6) applies only to nonjudicial foreclosures.  *See id.* at 71.  The district court expressly declined to determine whether the Bank was a debt collector under the FDCPA.  *See id.* at 66.

In her statement of issues, Ms. Mitchell claims the district court erred in its ruling that she had advanced only conclusory allegations in support of her claim that the Bank had made misrepresentations to the *Mitchell II* court.  *See* Aplt. Opening Br.

11

at 2.  But she provides no argument on this point.  *See generally id.* at 17-19.  She has therefore waived review of the district court's disposition of the § 1692(e) claim.  *See Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n*, 483 F.3d 1025, 1031 (10th Cir. 2007).  Instead, she argues she sufficiently alleged that the Bank was a debt collector within the meaning of the FDCPA, *see* Aplt. Opening Br. at 17-18, and that the § 1692g statute of limitations had not run, *see id.* at 18-19.  As noted, the district court expressly avoided deciding whether the Bank was a debt collector, and it ruled in Ms. Mitchell's favor on the limitations issue.  Ms. Mitchell's arguments regarding the dismissal of her FDCPA claim are frivolous because they are irrelevant to the district court's ruling and inadequate to merit appellate review.  We therefore affirm the dismissal of the FDCPA claim.

**D.     Procedural arguments**

In her statement of issues, Ms. Mitchell asserts that, in dismissing her claims against the Bank under Rule 12(b)(6), the district court committed several procedural errors:  (1) "employ[ing] an improper and heightened pleading standard," Aplt. Opening Br. at 1; (2) disregarding facts alleged in her complaint while adopting the Bank's statement of facts and the arguments and exhibits the Bank provided in support of its motion to dismiss; (3) "mischaracterizing factual allegations as conclusory statements," *id.* at 2; and (4) "applying affirmative defenses to causes of action," *id.*  But in her argument, she merely recites at length the relevant pleading and dismissal standards then summarily contends, without analysis or citation to the record, that the district court "did not cite to a single fact stated in the Complaint,"

12

"only repeated the Causes of Action," and "referenced 37 facts and supporting documents stated in the Motions to Dismiss." *Id.* at 16. Ms. Mitchell's contentions are insufficient to garner appellate review, *see Chavez*, 976 F.3d at ___, 2020 WL 5807864, at *19 n.18; *Bronson*, 500 F.3d at 1099, 1104-05, but they are also based on apparent misreadings or misinterpretations of the district court's order.

First, the district court recited the same essential pleading standard that Ms. Mitchell sets forth in her opening brief, *see* Aplt. App. at 61, and as our analysis of the dismissal of Ms. Mitchell's federal claims makes plain, the district court applied that standard. Ms. Mitchell develops no contrary argument.

Second, although the district court referred to documents the Bank appended to its motion to dismiss, which consisted of copies from the state court records and property records in *Mitchell I*, *Mitchell II*, and the related appeals, the court did not rely on facts from those documents in its legal analysis of the federal claims. Instead, it recited facts from those documents (as have we) only to provide context for Ms. Mitchell's claims in this action. But even if it had relied (or did rely) on the state court records as a basis for dismissing the federal claims, that was entirely permissible. *See, e.g.*, *Porter v. Ford Motor Co.*, 917 F.3d 1246, 1248 n.2 (10th Cir. 2019) ("A court may look to documents subject to judicial notice in deciding a motion to dismiss. And records from a related case may be judicially noticed." (citation omitted)).

Third, Ms. Mitchell fails to identify which allegations she claims the district court mischaracterized as conclusory or which allegations she thinks the district court

13

should have referred to in its dismissal order. Based on our independent review of the district court's decision, we conclude that the district court properly characterized Ms. Mitchell's allegations on dispositive elements of her federal claims as either conclusory or wholly nonexistent and did not overlook any material factual allegations in the complaint.

Fourth, Ms. Mitchell fails to identify any affirmative defenses the district court applied, and in fact the court relied on none.[7]

In sum, Ms. Mitchell's facially deficient argument regarding the district court's alleged procedural errors is frivolous.

### E.     Reply brief argument

In her reply brief, Ms. Mitchell does not reply to any of the Bank's arguments. She instead informs us that since the Bank filed its response brief, the Utah Court of Appeals has concluded that *Mitchell II* is not final (because the state district court had not disposed of Ms. Mitchell's third-party claims) and therefore remanded the case to the state district court.[8] She contends that in light of this ruling, and based on

---

[7] In the conclusion of her opening brief, Ms. Mitchell states that she "has sufficiently alleged that Defendants Hall, Cooley and Rampton stepped outside their prosecutorial roles by being actively involved in the investigation and in speaking to the media" and that she "has also alleged harm." Aplt. Opening Br. at 19-20. Because none of the defendants in this case are named Hall, Cooley, or Rampton, this statement apparently refers to some other case her appellate counsel may have been involved with.

[8] The Bank has provided this same information in a letter filed pursuant to Federal Rule of Appellate Procedure 28(j).

14

allegations in her complaint that *Mitchell II* is not final, we should "rule on the issues of the Utah Federal District Court's decision on [her] quit claim [sic], wrongful foreclosure and due process state law claims." Aplt. Reply Br. at 4. However, the only decision the federal district court made about these state-law claims was to decline to exercise supplemental jurisdiction over them, and Ms. Mitchell provides no argument that the court erred in doing so. Furthermore, the district court's dismissal of Ms. Mitchell's federal claims did not turn on whether *Mitchell II* was final. Ms. Mitchell's request for a ruling on these state-law claims is therefore frivolous.

### III. Motion for sanctions

The Bank has filed a motion under Federal Rule of Appellate Procedure 38 and 10th Circuit Rule 46.5 seeking monetary sanctions against both Ms. Mitchell and her current appellate attorney, Mark Shurtleff. Mr. Shurtleff began representing Ms. Mitchell after her initial appellate counsel withdrew but before briefing began.[9] The Bank asserts that the appeal is frivolous and brought for an improper purpose, that is, "not to obtain adjudication on the merits but to delay [the Bank's] state-court eviction suit" against Ms. Mitchell. Mot. at 2. In support of those assertions, the Bank points to (1) the "frivolous position" Mr. Shurtleff presented in his "cursory briefing," *id.*; (2) the "endless extension requests" both he and prior counsel sought

---

[9] The Bank states that it does not seek sanctions against Ms. Mitchell's initial appellate counsel because after withdrawing from this appeal, he received a discharge in a Chapter 7 bankruptcy proceeding.

15

in this appeal, *id.*; (3) the fact that this action was Ms. Mitchell's third attempt to litigate the same fundamental issues, often asserting identical causes of action "in nearly identical language," *id.* at 3; and (4) the fact that in *Mitchell I* and *Mitchell II*, she similarly sought (through initial appellate counsel, who also represented her in those cases) many extensions of time and engaged in other delay tactics, such as filing multiple motions for reconsideration, arguing that judgments were not final, and moving to dismiss her appeal of *Mitchell I* for lack of jurisdiction. The Bank asks us to remand this case to the district court to determine the appropriate size of the monetary award, including reasonable attorney's fees.

We agree with the Bank, but only as to some of Mr. Shurtleff's actions in this appeal. We therefore grant the motion and impose sanctions against him (but not against Ms. Mitchell) under Rule 38.[10]

Rule 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Rule 38's phrase "just damages" includes "attorney's fees." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc).

Before we may impose sanctions under Rule 38, we must afford the relevant party "notice and opportunity to be heard." *Id.* at 1513. As relevant here, where "a party has already made a motion . . . that sanctions be imposed, and identified the

---

[10] Rule 38 provides a sufficient basis for our sanction award, so we need not consider sanctions under 10th Cir. R. 46.5(C).

16

party or counsel it wants to be sanctioned, the notice requirements are satisfied, so long as the court gives the person against whom sanctions are requested an opportunity to file a brief or otherwise be heard before imposing sanctions." *Id.* at 1515. The Bank filed its motion on June 2, 2020, five months ago. Yet despite more than an adequate opportunity to respond to the motion, neither Ms. Mitchell nor Mr. Shurtleff has done so. Accordingly, Rule 38's due-process requirement has been met.

As for the scope of our sanctions award, we recognize that an appeal may be frivolous as filed or as argued. *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1578-79 (Fed. Cir. 1991); *see Braley*, 832 F.2d at 1513-14. An appeal is frivolous as filed when "the judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there really is no appealable issue." *Finch*, 926 F.2d at 1579. In a frivolous-as-argued appeal, "genuinely appealable issues *may* exist," but "the appellant's contentions in prosecuting the appeal are frivolous." *Id.*

We consider this appeal to be frivolous as Mr. Shurtleff argued it. A party may argue an appeal frivolously by "mak[ing] no attempt to address the elements requisite to obtaining reversal," advancing "irrelevant arguments," "failing to explain how the lower tribunal erred or to present clear or cogent arguments for overturning the decision below," and "cit[ing] inapplicable or irrelevant authorities." *Id.* In the appellate briefs he filed, Mr. Shurtleff has done all of these things. As a general matter, he presented no clear or cogent arguments that the district court erred either

17

with respect to dismissing the claims or in the procedures it followed.  More specifically, his challenge to dismissal of the due process claims was both cursory and based on inapplicable or irrelevant authorities regarding joint action.  And he made only cursory and irrelevant arguments about the FDCPA claim and did not attempt to address the elements required to obtain reversal of that claim.  As the Bank puts it, parts of his briefs "read[] as though [their] author simply has not read the order he is appealing."  Mot. at 9.

We do not consider this appeal frivolous as filed, and therefore we decline to impose sanctions against Ms. Mitchell.[11]  As the Bank notes, the underlying suit was Ms. Mitchell's third attempt to contest the Bank's right to foreclose on her home.  In those attempts, she often asserted identical causes of action, and through prior counsel she sought many extensions of time to file papers with the courts, including this court.  But this appeal arose from the district court's dismissal of federal claims she had not attempted to litigate before.  And although Mr. Shurtleff waived review of some of those claims and otherwise presented only frivolous arguments, we decline to say the appeal was brought solely as a delay tactic or, at least at the time of filing, that "there really [was] no appealable issue," *Finch*, 926 F.2d at 1579.  Nor do we think the Bank has shown, in either its motion or its oppositions to two of the requests for extensions of time to file briefs that Mr. Shurtleff filed (which he largely

---

[11] Because Ms. Mitchell filed this appeal through her initial appellate counsel, Mr. Shurtleff could not be responsible for filing a frivolous appeal.

18

based on serious health issues) were an attempt to unnecessarily delay resolution of this appeal.

Consequently, we conclude that Rule 38 sanctions are warranted solely against Mr. Shurtleff, because the frivolousness of this appeal stems from his actions alone. Our "duty . . . is to impose sanctions and compensating awards of expenses, including attorney's fees, in a manner designed to solve the [judicial] management problem. If the fault lies with the attorneys, that is where the impact of the action should be lodged." *Braley*, 832 F.2d at 1511 (internal quotation marks omitted). Applying this test, we conclude that, under Rule 38, the Bank is entitled reasonable attorney's fees and double the costs it incurred in filing its response brief and the motion for sanctions.[12]

We also conclude that, under Rule 38, the Bank is entitled to double the costs (but not any attorney's fees) it incurred in filing a supplemental appendix. The appendix Mr. Shurtleff filed included only the district court's docket entries, Ms. Mitchell's complaint, and the district court's memorandum decision granting the motions to dismiss. As we explain, that was wholly inadequate under our local rules.

"An appellant represented by retained counsel must electronically file an appendix sufficient for considering and deciding the issues on appeal." 10th Cir.

---

[12] Although Rule 39(a) sets out rules on the taxation of appellate costs, those rules do not apply if "the law provides or the court orders otherwise," Fed. R. App. P. 39(a). By authorizing this court to award an appellee "single or double costs," Fed. R. App. P. 38, Rule 38 "provides . . . otherwise." Our decision today also "provides . . . otherwise."

R. 30.1(B)(1); *see also Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1189 (10th Cir. 2018) ("The duty to file an appendix that complies with the requirements set out by the Federal Rules of Appellate Procedure and our Local Rules falls squarely on the appellant."). The requirements for an appellant's appendix are the same as those set out in 10th Cir. R. 10.4 "for the contents of a record on appeal." 10th Cir. R. 30.1(B)(1). Mr. Shurtleff failed to include two documents Rule 10.4 requires in all cases: the answer to the operative complaint and the notice of appeal. *See* 10th Cir. R. 10.4(C)(2), (C)(7). More importantly, because this "appeal is from an order disposing of a motion," namely, the Bank's motion to dismiss, Mr. Shurtleff was required to also include in the appendix "the [Bank's] motion [to dismiss], relevant portions of affidavits, depositions and other supporting documents (including any supporting briefs, memoranda, and points of authority), filed in connection with that motion," and "any responses and replies filed in connection with that motion." 10th Cir. R. 10.4(D)(2). He failed to do so. The Bank is therefore entitled to recover its costs related to its supplemental appendix, which included all of the filings Mr. Shurtleff omitted. *See Lincoln*, 900 F.3d at 1191 (permitting an appellee "to recover all of its appellate costs, including costs related to the supplemental appendix" it filed, because the appellant's appendix failed to comply with rules governing the appendix).

20

## IV. Conclusion

The district court's judgment and amended judgment are affirmed.[13]  We grant the Bank's motion for sanctions against Mr. Shurtleff and award the Bank attorney's fees and double costs pursuant to Rule 38, subject to the limitations set out above. We deny the Bank's motion for sanctions against Ms. Mitchell.  We remand to the district court for the limited purpose of determining the amount of the monetary award.

Entered for the Court

Jerome A. Holmes
Circuit Judge

---

[13] In its amended judgment, the district court merely clarified that dismissal of the Bank's counterclaim against Ms. Mitchell was without prejudice.